THE STATE, Respondent, v. WIGHTMAN, Appellant.

1. An acquittal on an indictment for a felonious assault will not bar a prosecution, before a justice of the peace, for a common assault.
2. Where, however, the complaint made before the justice of the peace charges an indictable offence above the grade of an assault of which the justice has jurisdiction, an acquittal upon an indictment for the same felony described in the complaint or affidavit will be a bar to a further prosecution on such complaint.

*Appeal from St. Louis Criminal Court.*

This was a prosecution before a justice of the peace, for an assault and battery. The following is the complaint upon which the proceeding was based: " State of Missouri, county of St. Louis, ss. Personally appeared before me, Frederick Flach, a justice of the peace within and for the county aforesaid, Werner Etling, who, after being duly sworn, says, that one T. F. Wightman, on or about the sixth day of June, A. D. 1856, at the county aforesaid, did commit an assault and battery upon his person, by stabbing him with a knife or dagger on his forehead, thereby inflicting a wound and causing the blood to run, and also threatening to stab his father,

Christian Etling, without just cause ; and this affiant further saith that the said T. F. Wightman has not to his knowledge or belief been arrested, held to bail, or otherwise dealt with for the said assault; and further saith not. [Signed] Werner Etling. Sworn to and subscribed," &c.

The defendant was tried before the justice and was convicted and fined one hundred dollars. He appealed to the St. Louis criminal court. The grand jury afterwards indicted him for a felonious assault, with intent to kill. He was tried upon this indictment and acquitted. The assault charged was the same for which this prosecution was instituted. He then pleaded this acquittal in bar of the present proceeding. To this plea the State demurred. The court sustained the demurrer. The cause was then tried by the court and defendant was fined fifty dollars.

*Cline & Jamison*, for appellant.

*Mauro*, (circuit attorney,) for the State.

I. The court did not err in sustaining the demurrer to the plea in bar. It did not allege the offence to be one and the same, and not other and different. The offence must be identical, not only in point of fact but of law. An assault and battery is not an indictable offence. (R. C. 1855, p. 977.) Consequently, under an indictment for an assault with a felonious intent, the defendant could not be convicted of a simple assault and battery. Unless the one offence is clearly comprehended in the other, the plea is not good. (2 Leach, 717 ; 9 East, 437 ; 12 Pick. 496.) A previous acquittal for felony will not be a bar to a subsequent prosecution for a misdemeanor. (12 East, 415 ; 7 S. & R. 423 ; 1 Black. 37 ; 7 Whart. Am. C. L. 255.)

RICHARDSON, Judge, delivered the opinion of the court.

An acquittal on an indictment for a felonious assault will not bar a prosecution for a common assault and battery before a justice of the peace, because the defendant, under the

indictment, could not be convicted of the minor offence. But in this case the affidavit made before the justice charged an indictable offence above the grade of an assault of which he had jurisdiction ; and as the defendant was subsequently indicted and acquitted for the same felony described in the affidavit, the plea of *autrefois acquit* presented a bar to any further prosecution on the proceedings before the justice. The justice had no jurisdiction of the case.

The other judges concurring, the judgment will be reversed.